IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, | ) C/A No. 0:11-2890-RBH-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Correct Care Solutions; | ) |
| Lexington County Detention Center, and | ) |
| PSO Katherine Elizabeth Bradacs, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

The plaintiff, Dwight Xavier Jones, ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is an inmate within the South

Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under

28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the

court concludes that it should be summarily dismissed.

## BACKGROUND

In the instant Complaint, Plaintiff seeks to re-assert a medical indifference claim

against Defendant Correct Care Solutions that was the subject of one of his prior cases in

this court.  Jones v. Correctional Care Solutions, C/A No. 0:09-269-HMH-PJG.  His claim

was fully litigated in that prior case and the result was the entry of final summary judgment

in favor of the Defendants.  Plaintiff appealed that case to the United States Court of

Appeals for the Fourth Circuit, which affirmed the judgment.  Jones v. Correctional Care

Solutions, 397 F. App'x 854 (4th Cir. 2010).

Plaintiff claims that unnamed persons connected in some manner with Defendant Lexington County Detention Center ("LCDC") are racists and that they lied and possibly withheld relevant evidence during the litigation of Civil Action No. 0:09-269-HMH-PJG.  He alleges that the withheld medical records are available in one of his other cases currently pending in this court, and he contends that those records show that medical appointments were made for him that he was prevented from attending.  <u>Jones v. Metts</u>, C/A No. 0:11-122-RBH-PJG.

Additionally, Plaintiff asserts that Defendant Bradacs, a law enforcement officer, provided false evidence against him in connection with his arrest and the subsequent prosecution of the Lexington County criminal case that resulted in the conviction for assault of a high and aggravated nature on which Plaintiff is currently serving a five-year sentence in the SCDC prison system.  <u>See</u> SCDC, *Incarcerated Inmate Search*, https://sword.doc.state.sc.us/scdc-public/ (last consulted October 29, 2011 (1:42pm)). Plaintiff demands between $775,000 and $1 million in damages and seeks medical treatment for his nose, the subject of the medical indifference claim in Civil Action No. 0:09-269-HMH-PJG.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of</u>

Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990);

see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements

under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated

liberal construction afforded to *pro se* pleadings means that if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so;

however, a district court may not rewrite a complaint to include claims that were never

presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d

1274, 1278 (4th Cir. 1985).

## DISCUSSION

First, to the extent that Plaintiff seeks to re-assert the medical indifference claim

against Defendant Correct Care Solutions that he previously litigated through a final

summary judgment in Civil Action No.  0:09-269-HMH-PJG, the Complaint in this case is

barred by the doctrine of *res judicata*.  Even though the medical indifference claim between

Plaintiff and Correct Care was finally decided on the merits with the issuance of a final

summary judgment with prejudice in Correct Care's favor, Plaintiff now improperly attempts

to use this case to get a "second bite at the apple."  He cannot do so because it is well

settled that the final judgment entered with prejudice operates as a decision on the merits

of any claim actually asserted in the case (or that could have been asserted) and precludes

re-litigation between the same parties.  See, e.g., 50 C.J.S. Judgments § 1050 n.3 (2011)

and cases collected (judgment with prejudice is an adjudication on the merits); 18A Charles

A. Wright et al., Federal Practice and Procedure § 4444 at 297-98 (2d ed. 2002 & Supp.

2009) (final summary judgment with prejudice on all issues is final for preclusion purposes

as well as appeal purposes).  The Fourth Circuit Court of Appeals has stated that " '[u]nder *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' "  <u>Young-Henderson v. Spartanburg Area Mental Health Ctr.</u>, 945 F.2d 770, 773 (4th Cir.1991) (quoting <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979)).  The doctrine also bars litigation of all claims or defenses that were available to a party in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding.  <u>Brown v. Felsen</u>, 442 U.S. 127, 131 (1979); <u>Meekins v. United Transp. Union</u>, 946 F.2d 1054, 1057 (4th Cir. 1991).  Thus, Plaintiff cannot sue Correct Care Solutions in this case over the care or lack thereof that he received for his nose and/or tube site, and, to the extent that he attempts to do so, his Complaint should be summarily dismissed with prejudice as frivolous.

Second, the Complaint is subject to summary dismissal as to Defendant Lexington County Detention Center because the only potential claim against that Defendant that can be liberally construed from the allegations in the pleading is one for "racism" and/or "discrimination" and/or "cruel and unusual punishment."  These types of claims may be raised in federal court only under 42 U.S.C. § 1983, which is a statute through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  <u>Jett v. Dallas Indep. School Dist.</u>, 491 U.S. 701, 731-32 (1989).  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  <u>Wyatt v. Cole</u>, 504 U.S. 158, 161 (1992).  To state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a

"person" acting "under color of state law."  See 42 U.S.C. § 1983; see generally 5 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2d ed. 2002).  Only

"persons" may act under color of state law; therefore, a defendant in a § 1983 action must

qualify as a "person."  For example, some courts have held that inanimate objects such as

buildings, facilities, and grounds do not act under color of state law.  See Preval v. Reno,

57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,'

and therefore not amenable to suit under 42 U.S.C. § 1983.");  Brooks v. Pembroke City

Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at

'persons' and the jail is not a person amenable to suit.").  Because Plaintiff names as the

defendant "Lexington County Detention Center," he fails to state any viable § 1983 claim

based on this allegations of racism, discrimination, and improper punishment against this

defendant because this defendant does not qualify as a "person" who may be held liable

under the statute.  Accordingly, the Complaint should be summarily dismissed insofar as

it seeks to sue the detention center.

Third, to the extent that Plaintiff seeks to sue Defendant Bradacs for the allegedly

false information and/or evidence that she provided in connection with the criminal

prosecution against him in Lexington County that resulted in his current incarceration, the

Complaint should be summarily dismissed because any such claim is barred by the holding

of the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).  With

respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging

constitutional violations and/or other improprieties in connection with state criminal

charges, the Heck Court stated:

> We hold that, in order to recover damages [or other relief] for allegedly
> unconstitutional conviction or imprisonment, or for other harm whose
> unlawfulness would render a conviction or sentence invalid, . . . a § 1983

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

Since Plaintiff is still incarcerated, it appears that he has not yet been able to overturn or set aside his Lexington County conviction through a successful post-conviction relief action or a successful federal habeas corpus proceeding. Because Plaintiff's allegations of the use of falsified evidence provided by Defendant Bradacs in his criminal case, if true, would necessarily imply the invalidity of his conviction, he cannot sue her based on her involvement in his prosecution and ultimate conviction. As a result, the Complaint is subject to summary dismissal as to this defendant.

Finally, it is noted that Defendant Bradacs is listed and has appeared as a Defendant in one of Plaintiff's other currently pending cases. Jones v. James, Civil Action No. 0:11-754-RBH-PJG. Since that case was filed before this case, to the extent that it contains similar claims against this same defendant, this case is duplicative. Plaintiff should be required to pursue all his claims against Bradacs in the first case he filed against her because this court should not entertain two separate, identical lawsuits filed by the same individual against the same party. To do so would fly in the face of the important

interests of judicial efficiency and economy.    As the United States Court of Appeals for

the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and
> records and it had no duty to grind the same corn a second time.  Once was
> sufficient.

Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed

with prejudice for frivolousness.  See Denton, 504 U.S. 25; Neitzke, 490 U.S. 319; Haines,

404 U.S. 519; Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce, 595 F.2d

948; Todd, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as

soon as possible after docketing, district courts should review prisoner cases to determine

whether they are subject to summary dismissal).

Furthermore, because the Complaint in this case fails to state a claim on which relief

may be granted as to any defendant and is substantially frivolous, 28 U.S.C. § 1915A(b)(1)

is applicable in this case.  Hence, the court also recommends that this case be deemed

a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  See McLean v.

United States, 566 F.3d 391 (4th Cir. 2009).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 29, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).