IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | Civil Action No.: 0:11-cv-02890-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Correct Care Solutions; Lexington | ) | |
| County Detention Center, and PSO | ) | |
| Katherine Elizabeth Bradacs, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Dwight Xavier Jones, a state prisoner proceeding *pro* se, filed this 42 U.S.C. § 1983

action alleging constitutional violations while he was a pretrial detainee at the Lexington County

Detention Center ("LCDC").  This matter is before the Court after the issuance of the Report and

Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1]  In the R&R, the

Magistrate Judge recommends that the Court dismiss Plaintiff's action against Defendants *with*

*prejudice* and without service of process for frivolousness.  The Magistrate Judge also recommends

that this action be deemed a "strike" under 28 U.S.C. § 1915(g).

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in October 2011, alleging claims the Court construes as

constitutional claims under 42 U.S.C. § 1983, as well as state negligence claims.  Although Plaintiff

largely raises issues too incoherent and inappropriate for a civil pleading, he appears to allege

claims of medical negligence and deliberate indifference (specifically against Defendant Correct

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.  The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Care Solutions) arising from treatment he received for a gunshot wound following his detention in the Lexington County Detention Center in May 2010.  Plaintiff also alleges that Defendant Katherine Elizabeth Bradacs provided false evidence against him regarding an arrest and conviction.  He seeks damages up to $1 million. Compl., ECF No. 1.

The Magistrate Judge issued her R&R on November 28, 2011, finding Plaintiff's complaint frivolous and recommending that Plaintiff's complaint be dismissed *with prejudice* as to all Defendants and that the case be deemed a strike. R&R, ECF No. 12.  Plaintiff filed timely objections on December 8, 2011, as well as timely supplemental objections on December 12, 2011. ECF Nos. 15 & 16.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends dismissing Plaintiff's complaint against each defendant for entirely different reasons.  First, she concludes Plaintiff's claim against Defendant Correct Care Solutions is precluded by the doctrine of *res judicata*.  Second, she concludes Plaintiff's claim against Defendant Lexington County Detention Center should be dismissed on the basis that the detention center is not a person amenable to suit under § 1983.  Finally, she concludes Plaintiff's claim against Defendant Bradacs is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's objections are largely an irrelevant tirade against the Magistrate Judge and the legal system.  The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47.  Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199.  Plaintiff does not specifically object to the Magistrate Judge's finding that Defendant Lexington County Detention Center is not a person amenable to suit under § 1983.  Moreover, he does not challenge the recommendation that his claim against Defendant Bradacs is barred under *Heck*.  Therefore, finding no clear error in the Magistrate Judge's recommendation as to Defendants Lexington County Detention Center and Bradacs, the Court finds dismissal of Plaintiff's claims against the two defendants is appropriate.

In reviewing Plaintiff's objections, however, the Court finds the Magistrate Judge's recommendation regarding the claim against Defendant Correct Care Solutions was erroneous. In his objections, Plaintiff argues, in part, "I was not trying to reopen no case[.] I used [the previous case] as a reference because they did the exact same thing again[.]" ECF No. 16, at 5. Similarly, in his complaint, Plaintiff appears to allege that he was not properly treated for a 2010 gunshot wound and that Defendant Correct Care Solutions' negligence was habitual. Compl. 3-5, ECF No. 1. Contrary to the conclusion of the Magistrate Judge, these allegations involve separate circumstances than the circumstances of Plaintiff's previous action, cited by the Magistrate Judge as having preclusive effect. In that *2009* action, Plaintiff was complaining about treatment of a broken nose, not a gunshot wound. *Jones v. Correctional Care Solutions, et al.*, No. 0:09-cv-00269-HMH, 2010 WL 2926178 (D.S.C. July 23, 2010). The doctrine of *res judicata*, thus, is inapplicable in this action, at least to Plaintiff's complaints about the treatment of his gunshot wound. *See, e.g.*, *Brown v. Felson*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery *that were previously available to the parties*, regardless of whether they were asserted or determined in the prior proceeding." (emphasis added)); *Peugot Motors of Am., Inc., v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989).

The Court finds the proper course of action is to recommit the action to the Magistrate Judge for further screening or, if appropriate, issuance of a summons to the remaining Defendant Correct Care Solutions. Given this posture, dismissal of Defendants Lexington County Detention Center and Bradacs *without prejudice* is proper. Accordingly, the Magistrate Judge's recommendation to deem this action a strike, at this time, is rejected.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the portions of the Magistrate Judge's R&R pertaining to Defendants Lexington County Detention Center and Bradacs, as well as the portion barring claims related to his 2009 action concerning his broken nose.  However, the Court respectfully rejects the portion of the Magistrate Judge's R&R pertaining to claims arising from Defendant Correct Care Solutions' treatment of Plaintiff's 2010 gunshot wound.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants Lexington County Detention Center and Bradacs are **DISMISSED** *without prejudice*.  The matter is **RECOMMITTED** to the Magistrate Judge for further proceedings regarding Defendant Correct Care Solutions and consistent with this order.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 20, 2012
Florence, South Carolina

5