IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | C/A No. 0:11-2890-RBH-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Correct Care Solutions; | ) | |
| Defendant. | ) | |

Plaintiff Dwight Xavier Jones ("Jones"), a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss or, in the alternative, for summary judgment. (ECF No. 85.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Jones was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 87.) Jones filed a response in opposition. (ECF No. 94.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

## BACKGROUND

Jones filed the instant lawsuit regarding events that occurred during his detention at the Lexington County Detention Center ("LCDC") prior to his incarceration with the South Carolina Department of Corrections ("SCDC") at Wateree River Correctional Institution ("WRCI"). In his Complaint, Jones appears to allege constitutional claims under 42 U.S.C. § 1983 of deliberate indifference to his medical needs and state law claims of medical negligence against Defendant

Correct Care Solutions arising from treatment he received for gunshot wounds that he sustained in 2010.[1] Specifically, Jones alleges that the medical staff of Defendant Correct Care Solutions was negligent by not providing him with the same treatment he received by a physician outside of the detention center and the treatment he received when he later entered the custody of SCDC. He also appears to allege that he should have been scheduled for a medical appointment outside of LCDC.

**DISCUSSION**

A.  **Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally

---

[1] By Order issued November 20, 2012, all claims against Defendants Lexington County Detention Center and Bradacs were dismissed without prejudice. (See ECF No. 25.)



construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

*PJG*

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz, 405 U.S. 319, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     State Negligence Claim**

In South Carolina, to recover in a negligence claim, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 529 S.E.2d 710, 712 (S.C. 2000). Further, before filing or initiating a claim for medical malpractice in South Carolina, a plaintiff must contemporaneously file a "Notice of Intent to File Suit" and an expert affidavit, which identifies at least one negligent act or omission claimed to have occurred. S.C. Code Ann. § 15-79-125(A); see also Ross v. Waccamaw Cmty. Hosp., 744 S.E.2d 547, 548 (S.C. 2013); S.C. Code Ann. § 15-36-100(B). In considering a state law claim for medical

malpractice under this court's supplemental jurisdiction, courts in this district have held that the pre-suit notice and expert affidavit requirements in S.C. Code Ann. §§ 15-36-100 and 15-79-125 are substantive requirements under South Carolina law. Millmine v. Harris, C/A No. 3:10-1595-CMC, 2011 WL 317643 (D.S.C. Jan. 31, 2011).

Because neither an expert affidavit nor a Notice of Intent to File Suit accompanied Jones's Complaint, the defendant argues that this matter must be dismissed based on Jones's failure to comply with the pre-suit requirements. Jones does not appear to address these arguments in his response in opposition. Accordingly, while Jones maintains that he believes the defendant negligently treated him, Jones's belief is insufficient and dismissal of this claim is warranted as a matter of law.

**C.     Medical Claims under 42 U.S.C. § 1983**

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105. A defendant is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a detainee and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience



or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

Jones has failed to provide any evidence from which a reasonable jury could find deliberate indifference to his medical needs. As stated above, Jones appears to allege that the medical staff of Defendant Correct Care Solutions was negligent by not providing him with the same treatment he received by a different physician and the treatment he received when he later entered the custody of

SCDC. He also appears to allege that he should have been scheduled for a medical appointment outside of LCDC. Jones argues that a piece of tissue (referred to by the medical staff as "granulation tissue") was negligently removed by the medical staff and that applying silver nitrate to the tissue was the only proper treatment. He appears to allege that his granulation tissue reoccurred because it was not properly treated by Defendant Correct Care Solutions. In support of its motion for summary judgment, the defendant has provided the affidavit of Marla Webb, a Licensed Practical Nurse who worked at LCDC during the relevant time period; the affidavit of William L. Miles, M.D., a doctor who treated Jones on multiple occasions; and Jones's relevant medical records.

Nurse Webb avers that Jones had severe injuries that were successfully treated during the time he was detained at LCDC and that his granulation tissue and g-tube incision healed "very well." (Webb Aff. ¶¶ 7, 10, ECF No. 85-1 at 1-2.) She further swears that detainees are not scheduled for medical appointments outside of the detention center unless there is a medical need for such an appointment, and that Jones was not scheduled for an outside appointment following his July 7, 2010 treatment because his wound had fully healed. (Id. at ¶¶ 6, 8, ECF No. 85-1 at 1.) Dr. Miles, who provided treatment to Jones, avers that although Jones's wounds and the g-tube removal site fully healed, eventually his granulation tissue reoccurred—a common cosmetic side effect of a g-tube procedure that may reoccur throughout Jones's lifetime and can reoccur no matter what type of removal procedure is used. (Miles Aff. ¶¶ 8, 15-18, ECF No. 85-2 at 1-2.) Dr. Miles further avers that he elected to treat Jones's granulation tissue with a sutra thread, which he states is an accepted and known alternative to silver nitrate application, because it is a less painful and invasive procedure and because it "reduce[d] the chance of the site becoming infected due to the 'open wound' nature caused by similar procedures such as silver nitrate application." (Id. at ¶¶ 19-20, ECF No. 85-2 at

3.)  In response to the defendant's motion, Jones has provided medical records dating from 2011 through 2012 to show that his wound has since been cleaned multiple times, treated with silver nitrate, and treated for infection since entering SCDC.  (ECF No. 39 at 13-22.)  However, Jones's arguments and evidence are insufficient to support his claim of deliberate indifference to a serious medical need because the record unequivocally shows that Jones was frequently seen and treated by medical staff for his complaints, and Jones has failed to present any evidence from which a reasonable jury could find deliberate indifference to Jones's medical needs.  Accordingly, Jones's § 1983 claim of deliberate indifference against Defendant Correct Care Solutions fails.

As stated above, Jones does not have a claim against the defendant merely because he disagrees with the course of treatment he received.  See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070.  At most, Jones's claims allege negligence or medical malpractice, which is not actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

**D.  Other Claims**

To the extent that Jones's Complaint may be construed to allege any other constitutional violations, the court finds that Jones has failed to plead sufficient facts to state a plausible claim.  See Iqbal, 556 U.S. 662, 667-68 (2009).

*PJG*

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion (ECF No. 85) be granted.

                                                    _____
                                                    Paige J. Gossett
                                                    UNITED STATES MAGISTRATE JUDGE

October 21, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).