IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | Civil Action No.: 0:11-cv-02890-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Correct Care Solutions, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Dwight Xavier Jones ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that Defendant Correct Care Solutions ("Defendant") violated his constitutional rights. Compl., ECF No. 1. Defendant filed a Motion to Dismiss or in the alternative Motion for Summary Judgment ("Defendant's Motion") on April 3, 2013. ECF No. 85. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett.[1] In the R & R, the Magistrate Judge recommends the Court grant Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff filed this action in October 2011. Because the Magistrate Judge adequately represented the facts in her R & R, the Court need not elaborate on them. *See* R & R at 1–2, ECF No. 100. Plaintiff's complaint appears to allege claims of deliberate indifference to his medical needs and state law claims of medical negligence against Defendant arising from treatment he received for a gunshot wound he sustained in 2010. Defendant filed a Motion to Dismiss or in the alternative Motion for Summary Judgment on April 3, 2013. ECF No. 85. After receiving notice pursuant to

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff responded to the motion on May 8, 2013. ECF No. 94.

The Magistrate Judge issued her R & R on October 21, 2013, which recommends that the Court grant Summary Judgment in favor of Defendant on Plaintiff's claims for medical negligence and deliberate indifference because: (1) Plaintiff's state law claim for medical negligence fails due to his failure to file a "Notice of Intent to File Suit" and an expert affidavit as required by South Carolina law, and (2) Plaintiff failed to provide any evidence from which a reasonable jury could find deliberate indifference to his medical needs. R & R at 4–8. Furthermore, the Magistrate Judge also recommends dismissal of all other claims, to the extent they were ever made, on the basis that Plaintiff's complaint fails to state any other plausible claim upon which the Court can grant relief. *Id.* at 8. Plaintiff filed timely objections to the R & R. Pl.'s Objections, ECF No. 102.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the

[C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment. Plaintiff's objections are, for the most part, improper. Plaintiff's objections largely parrot the allegations of his complaint and the arguments of his response to Defendant's Motion. Plaintiff's only substantive objection appears to assert that the Magistrate Judge improperly determined that he failed to provide any evidence from which a reasonable jury could find deliberate indifference. Pl's Objections at 2–3. Plaintiff's argument avers that the fact that he continued to receive treatment for his wound suggests that it was not healed, and that this establishes deliberate indifference. *Id.* at 2–3. The Court finds the Magistrate Judge's determination that Plaintiff failed to present any evidence from which a reasonable jury could find deliberate indifference to his medical needs to be proper.

As the Magistrate Judge notes, Plaintiff's arguments and evidence are insufficient to support a claim for deliberate indifference to a serious medical need since "the record unequivocally shows that Jones was frequently seen and treated by medical staff for his complaints." R & R at 8. In objecting to this determination, Plaintiff posed a rhetorical question, inquiring "[i]f the wound healed then why did SCDC have to treat the wound?" Pl's Objections at 2. If anything the medical evidence before the court—including the evidence provided by Plaintiff—shows Plaintiff continued to receive routine treatment, which demonstrates a serious commitment to addressing Plaintiff's medical needs rather

3

than indifference to his circumstances. *See* R & R at 6–8 (discussing the medical evidence provided by the parties). Continued medical care for a wound, even one that Plaintiff claims did not heal, simply does not show treatment "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). In fact, several courts have found the fact that a plaintiff received continued treatment for an injury specifically demonstrated a *lack* of deliberate indifference. *See, e.g.*, *Santiago v. Ringle*, No. 12–4075, 2013 WL 5911217, at *7 (6th Cir. Nov. 5, 2013) ("That Dr. Ringle continued to provide treatment and referrals during the February 20 to March 17 period is further evidence that he did not act with deliberate indifference . . . ."); *Anzivino v. Arizona*, 85 Fed. App'x 581, 582 (9th Cir. 2004) ("The district court properly dismissed Anzivino's claim alleging prison officials were deliberately indifferent to his serious medical needs because Anzivino's amended complaint demonstrates that he received continued treatment for his injury."). Therefore, Court agrees with the Magistrate Judge's recommendation that Plaintiff's § 1983 claim of deliberate indifference fails as a matter of law.

Accordingly, the Court finds the Magistrate Judge's recommendation to be proper, and Plaintiff's objections, to the extent they are proper, are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment, Plaintiff's Response to Defendant's Motion, the R & R, objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell  
                                            R. Bryan Harwell  
                                            United States District Judge

Florence, South Carolina  
November 20, 2013